UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID BEACHEM,

        Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT OF
CORRECTIONS *et al*.,

        Defendants.

Case No. C08-5185FDB/JKA

ORDER TO SHOW CAUSE

      This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis*. Review of plaintiff's proposed complaint discloses a defect.

      Plaintiff states in the complaint he did not complete the grievance process on the issues in this action (Dkt. # 1). The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

      Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the

ORDER

quality of prisoner suits. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter v. Nussle</u>, 534 U.S. 516 (2002) (quoting <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)). The <u>Porter</u> Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." <u>Porter</u>, 534 U.S. at 520.

The court now **ORDERS PLAINTIFF TO SHOW CAUSE** why this action should not be dismissed prior to service. Plaintiff should show cause why this action should not be dismissed for failure to exhaust administrative remedies on or before **May 2, 2008.** The Clerk is directed to send plaintiff a copy of this to plaintiff and note the **May 2, 2008,** due date on the court's calendar.

DATED this 2 day of April, 2008.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER